DAVID BERNSTEIN, Plaintiff, *v.* ADMIRALTY INN, INC., Defendant.
City Court of the City of New York, Special Term, New York County, August 2, 1949.

*Hyman Frank* for plaintiff.
*Harry Meisnere* for defendant.

CARLIN, J. Both parties move for summary judgment under rule 113 of the Rules of Civil Practice, and their separate motions therefore are hereby consolidated, as the papers in each motion may be considered in opposition to the other; on the argument of this motion the attorneys for the parties urged that only questions of law were involved entitling either to the relief each seeks. The action is brought by plaintiff as a business broker who claims he brought about the sale of defendant's bar and grill; the contract of sale by defendant to its purchaser recites in the fifteenth paragraph that the plaintiff "is the broker who brought about this transaction and the seller agrees to pay him commission therefor in the amount of $3,000, and the buyer warrants and represents that no other broker was instrumental in procuring this sale". Embodied in paragraph "Fourth" of said contract is the following: "This sale is made conditional upon the approval by the State Liquor Authority of the State of New York of the application of the buyer for an appropriate license to dispense alcoholic beverages for 'on the premises consumption' on the said premises, and the issuance of an appropriate license therefor." The contention of defendant that under the custom and usage the transfer to the seller of a bar and grill is conditioned upon the approval by the State Liquor Authority is argued against by the plaintiff in part I of his brief wherein he urges that custom and usage cannot be introduced in evidence to vary the terms of a writing complete on its face; this argument by plaintiff appears specious in view of the fact that in the very contract which constitutes the basis of his action the sale is made conditional on the approval of the State Liquor Authority; further, in paragraph "Eighth" of the contract there is an implication that the sale to the purchaser was subject to such approval. In view of the disapproval, not on immoral or any reprehensible grounds, of the purchaser's application for a license by the State Liquor Authority, the sale under the contract was not consummated and the plaintiff, therefore, is not entitled to recover. Motion by plaintiff for summary judgment is denied and defendant's motion for summary judgment dismissing the complaint herein is granted. Ten days' stay of execution is granted plaintiff after service with notice of entry of any judgment which defendant may render for costs.